**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ANTHONY C. KENNEY, )<br>      Plaintiff, )<br>vs. )<br>)<br>GREY ABBOTT, )<br>State of Texas Governor, )<br>      Defendant. ) | No. 3:15-CV-2257-G-BH<br><br><br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for pre-trial management. Based on the relevant filings and applicable law, the case should be **DISMISSED**.

**I. BACKGROUND**

Anthony C. Kenney ("Plaintiff"), a resident of Tulsa, Oklahoma, filed this civil complaint against the Governor of the State of Texas. (doc. 3). Liberally construed, the *pro se* complaint appears to allege that the Governor has violated Plaintiff's constitutional rights under the Second Amendment by failing to pardon him from state convictions reflected in the records of the Texas Department of Public Safety that prevent him from possessing a firearm. (*Id.*) He contends that he has been seeking a pardon from the Governor's office for many years but has been unable to obtain one. (*Id.*) Plaintiff does not seek monetary relief, only a pardon from his prior state convictions or to have the records sealed and expunged so that he may possess a firearm. (*Id.*) No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. MANDAMUS

Plaintiff's complaint may be liberally construed as seeking a writ of mandamus against the Governor to issue a pardon or seal and expunge his records.

Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616

2

(1984). Federal district courts do not have jurisdiction to issue a writ of mandamus against a state actor or agency. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought). To the extent that Plaintiff seeks a writ of mandamus against the Governor, his action should be dismissed for lack of subject matter jurisdiction.

### IV.  SECTION 1983

Based on his invocation of his Second Amendment rights, Plaintiff's complaint may also be liberally construed as an action under 42 U.S.C. § 1983. It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.  Pardon**

Plaintiff appears to sue the Governor based on his failure to give him a pardon from his prior state convictions so that he may possess a firearm.[1]

The Governor of Texas, based upon a recommendation of a majority of the Texas Board of

---

[1] A person who has been convicted of a "crime punishable by imprisonment for a term exceeding one year" is prohibited from possessing a firearm or ammunition. 18 U.S.C. § 922(g)(1). Excluded from this term is "[a]ny conviction which has been expunged or set aside for which a person has been pardoned or had civil rights restored shall not be considered a conviction for purpose of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

3

Pardons and Parole (BPP), may grant clemency. TEX. CONST., ART. IV, § 11; TEX. CODE CRIM. PRO. ANN. Art. 48.01. There is, however, "no federal constitutional right to a clemency pardon." *See Cloud v. Cockrell*, 3:02-CV-2789-L, 2003 WL 21448351, at *3 (N.D.Tex. Mar.27, 2003); *see also Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) (holding that the power vested in a BPP to commute a sentence confers no federal constitutional right to a commutation). Relief may be had under § 1983 only for an alleged deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States. Therefore, Plaintiff fails to state a cause of action upon which relief may be granted in his federal suit against the Governor for a pardon.

**B.     Expungement**

Plaintiff seeks, in the alternative, to have the Governor order the charges against him expunged.

Under Texas state law, a person is entitled to have both felony and misdemeanor records expunged if: 1) he is tried and acquitted; 2) he was convicted and subsequently pardoned or granted relief based on actual innocence; or 3) he has been released from confinement and the charge did not result in a final conviction, provided certain specific conditions are met. *See* Tex.Code Crim. Proc. Ann. art. 55.01 (West 2011). Expungement of state records is not a federal constitutional right. *See Ellingberg v. Johnson*, 3:00-CV-235-D, 2000 WL 34241108, *3 (N.D. Tex. April 28, 2000) (citing *Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir.1989), quoting *Duke v. White*, 616 F.2d 955, 956 (6th Cir.1980)), *rec. adopted* 2000 WL 34241110 (N.D. Tex. May 18, 2000). Even assuming for purposes of this action only that this relief is available in a § 1983 action, and that the Governor is the appropriate official to provide it, lower federal courts may not order the expungement of state convictions or public records absent some "special circumstance". *See id.* (citing *Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir.1978), *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir.1972)). Plaintiff

4

has alleged no special circumstance that would warrant expungement of his state records, and he has failed to state a claim upon which relief may be granted.

## V. RECOMMENDATION

To the extent that Plaintiff seeks a writ of mandamus against the Governor, his action should be dismissed without prejudice for lack of subject matter jurisdiction. To the extent that he sues the Governor under 42 U.S.C. § 1983, his complaint should be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 27th day of July, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5